Margaret E. Townsend (OSB # 144463)
*Pro hac vice admission pending*
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

Andrea L. Santarsiere (ISB # 8818)
Center for Biological Diversity
P.O. Box 469
Victor, ID 83455
(303) 854-7748
asantarsiere@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Western Watersheds Project*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**
**EASTERN DISTRICT**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | Civil Action No.: ___________________<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act<br>Administrative Procedure Act |

Plaintiffs Center for Biological Diversity ("the Center") and Western Watersheds Project ("WWP"), allege as follows:

## INTRODUCTION

1. In this action, Plaintiffs – two environmental conservation organizations that work to protect native wildlife species and their habitat, including on public lands – challenge Defendant U.S. Bureau of Land Management's ("BLM") violations of the Freedom of

Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA"), in connection with the Center's July 31, 2015, FOIA request ("FOIA Request") for records related to a "Predator Derby" ("Derby") on BLM lands in eastern Idaho.

2. The Derby is a three-day annual contest, sponsored by a private organization, to shoot and kill gray wolves, coyotes, and other animals for cash and prizes. The Derby, which takes place on public lands in Idaho and is sponsored by an organization called "Idaho for Wildlife," is thought to be the first such wildlife-killing event since the 1970s to include gray wolves among its target species. The Derby has taken place twice, once on December 28-29, 2013 and again on January 2-4, 2015, on the Salmon-Challis National Forest, which is located adjacent to the BLM lands that are at issue in the Center's FOIA Request.

3. In a related case that is currently pending before this Court, *WildEarth Guardians v. Kraayenbrink*, No. 14-488 (D. Idaho filed Nov. 13, 2014), Plaintiffs – along with several other environmental organizations – are prosecuting claims against BLM for violations of the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h ("NEPA") and the APA in connection with the wildlife-killing contest, and are pursuing, through various pending motions, additional records and information from BLM about its regulatory oversight of the annual Derby.

4. This action challenges BLM's refusal to provide records that concern the Derby under FOIA. Plaintiffs have not received any determination under FOIA – or, despite inquiry, any indication of when they may receive one – from BLM since the Center sent its FOIA Request to BLM on July 31, 2015.

5. This is not the only case in which the Center must prosecute BLM's refusal to provide records that concern the Derby under FOIA. In another complaint that is being filed

today in the U.S. District Court for the District of Columbia, the Center is pursuing FOIA violations against BLM that stem from another FOIA request, for which BLM has likewise refused to search for and provide all responsive, Derby-related records that are located at the agency's Washington, D.C., headquarters.

6. BLM's refusal to release information pertaining to this upcoming Derby directly contravenes FOIA's policy of government transparency.

7. Plaintiffs recognize the realities of BLM's workload and have given BLM adequate time to make the required determination and to disclose the requested records that are at issue in this matter. However, Plaintiffs' patience is not without limits. FOIA's purpose is to provide full disclosure, and BLM has shown no indication that it will ever actually disclose the requested records to Plaintiffs within a reasonable timeframe. BLM's failure to disclose this information not only prejudices Plaintiffs, but also the Court, by preventing the related case from being litigated in an orderly fashion.

8. Thus, because prompt access to these records is necessary to effectuate FOIA's purpose, but where BLM is unlawfully withholding responsive records and refusing to provide a determination on the FOIA Request, Plaintiffs seek declaratory relief establishing that BLM has violated FOIA, or alternatively, the APA. Plaintiffs also seek injunctive relief directing BLM to provide them with the requested records without any further delay.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

10. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district because Plaintiff WWP has its primary place of business in Hailey, Idaho (Blaine County), which is located in this judicial district, and because some of the responsive records may be found in this district.

11. Declaratory relief is appropriate under 28 U.S.C. § 2201.

12. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

13. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 50,000 members, many of whom reside in Idaho. The Center has filed several FOIA requests for BLM records that concern the Derby since August 22, 2014 – including, most recently, the FOIA Request that is at issue in this action.

14. Plaintiff WESTERN WATERSHEDS PROJECT is a non-profit conservation organization that was founded in 1993 with the mission of protecting and restoring watersheds and wildlife in the American West through education, public policy initiatives, and litigation. Headquartered in Hailey, Idaho, WWP has over 1,500 members and field offices in Idaho as well as Montana, Utah, Wyoming, Arizona, and California. WWP has filed several FOIA requests for BLM records that concern the Derby since August 22, 2014 – including, most recently, the FOIA Request that is at issue in this action.

15. Plaintiffs and their members are harmed by BLM's violation of FOIA, which prevents Plaintiffs from gaining a full understanding of the Derby, including BLM's regulatory approach to wildlife-killing contests on public lands.

16. Defendant U.S. BUREAU OF LAND MANAGEMENT is an agency of the executive branch of the U.S. government within the U.S. Department of the Interior. BLM is in possession and control of the records that Plaintiffs seek, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f). BLM is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

**STATUTORY BACKGROUND**

17. FOIA's basic purpose is for government transparency, as it establishes that all federal agency records must be accessible to the public unless such records may be withheld from this disclosure mandate pursuant to one of nine, narrowly-construed FOIA exemptions. 5 U.S.C. § 552.

18. FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, an agency must determine if it will release requested records and notify the requester of its determination within 20 business days of receiving a FOIA request, and it must make responsive records "promptly" available unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. 5 U.S.C. § 552(a)(3)(A), (a)(6). Also within 20 business days, the agency must inform the requester that it has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i).

19. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

20. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

21. First, an agency may toll the 20 business-day deadline for up to 10 additional days to seek additional information from a requester. 5 U.S.C. § 552(a)(6)(A)(ii).

22. Second, an agency may extend the 20 business-day deadline for an additional 10 business days by giving a written notice to the requester that sets forth "unusual circumstances" that justify a deadline extension, and providing the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B). However, when invoking "unusual circumstances," the agency must provide the requester "an opportunity to limit the scope of the request so that it may be processed within" 20 business days or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

23. Thus FOIA mandates that an agency must make public records "promptly available" to a requester unless it requests additional information from the requester or provides sufficient written notice of unusual circumstances. *Id.* § 552(a)(3)(A).

24. This Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

25. Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA. The APA confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside

any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## STATEMENT OF FACTS

### FOIA Request BLM-WO-2015-00874

26. The Derby, which is characterized as an annual event, has taken place twice. The first time was on December 28-29, 2013. The second time was on January 2-4, 2015. Both years, the Derby took place on private lands and on the Salmon-Challis National Forest, which is located near the town of Salmon, Idaho.

27. Both years, the proponent of the wildlife-killing contest sought a "special recreation permit" from BLM, to allow it to include three million acres of public lands that are managed by BLM's Idaho Falls District within the geographic area of the killing contest. In 2013, BLM attempted to issue a permit for the Derby but did not do so, as it did not have sufficient time to comply with NEPA between the date it received the Derby proponent's Permit application and the dates when the event was scheduled to take place. In 2014, the Derby proponent submitted a new Permit application, allowing BLM to prepare an "environmental assessment" for the event and to issue a Permit for the killing contest on November 13, 2014.

28. After Plaintiffs and other environmental organizations challenged BLM's decision to permit the highly-controversial event – for which nearly 100,000 people from around the world submitted comments, expressing dismay that such an activity could be allowed on public lands – on November 25, 2014, less than a week and a half after it approved the Permit, BLM withdrew its approval. However, it did not provide specific reasons for its withdrawal at that time.

29. To better understand the current regulatory status of the Derby, on July 31, 2015, the Center sent a FOIA Request via electronic and certified mail to BLM headquarters in Washington, D.C., and to the BLM Salmon Field Office.

30. The Center requested all records that concern the Derby, including: (1) all applications for special recreation permits to use public lands managed by BLM for future derbies; (2) all communications between BLM and permit applicant(s) and/or person(s) or group(s) organizing wildlife-killing contests; (3) all internal BLM and external communications discussing the Derby and/or other wildlife-killing contest(s), including whether a permit is required for organizers/sponsors of such contests to use public lands and what public lands may be used; (4) all internal BLM and external communications discussing the application of NEPA to the Derby and/or other wildlife-killing contest(s); (5) any records received or produced by BLM related to any details of wildlife-killing contests, including but not limited to the areas, roads, and/or features accessed or used; entry fees or donations; awards such as cash and prizes; numbers of participants; whether the events have involved or will involve vendors; timing of event; and/or affected resources such as wildlife, plants, etc.; (6) all records or external communications related to any waiver of the permitting requirements for the Derby and/or other wildlife-killing contest(s) that have taken place and/or will take place on BLM lands; and (7) all other records in BLM's possession related to the Derby and/or other wildlife-killing contest(s) that are not otherwise covered by the FOIA Request or other FOIA requests by the Center.

31. The Center received confirmation that BLM received the FOIA Request on August 5, 2015.

32. BLM assigned the FOIA Request a tracking number, BLM-WO-2015-00874, on August 7, 2015.

33. BLM did not issue a final determination within 20 business days of receiving Plaintiffs' FOIA Request, which was September 2, 2015, as required by 5 U.S.C. § 552(a)(6)(A)(i).

34. By letter dated October 9, 2015, the Center supplemented the FOIA Request to add WWP as a requesting party. In the October 9 letter, Plaintiffs also notified BLM that the agency had violated FOIA's 20-day deadline, 5 U.S.C. § 552(a)(6)(A)(i), and requested an estimated date of completion of a determination on the FOIA Request. *Id.* § 522(a)(7)(B).

35. BLM has not requested additional information from Plaintiffs, has not notified Plaintiffs of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, and has not provided a date by which BLM expects to make any determination on Plaintiffs' FOIA Request. *Id.* § 552(a)(6)(A), (B).

36. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the responsive records at issue, nor has BLM invoked any of these exemptions in connection with the FOIA Request.

37. As of this date, BLM's determination on the FOIA Request is 51 business days overdue.

38. As of this date, BLM has not provided a final determination on the FOIA Request.

39. As of this date, BLM has not given Plaintiffs an estimate for when it will provide a final determination on the FOIA Request, as FOIA requires. 5 U.S.C. § 522(a)(7)(B).

40. Plaintiffs have been required to expend resources to prosecute this action.

41. Records that Plaintiffs seek though the FOIA Request are necessary for Plaintiffs to understand the status of the annual Derby this winter.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### BLM Failed to Comply with 5 U.S.C. § 552(a)(7)(B)(ii) (Estimated Completion Date)

42. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

43. Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), "[e]ach agency shall … establish a telephone line or Internet service that provides information about the status of a request to the person making the request … including an estimated date on which the agency will complete action on the request."

44. Plaintiffs asked BLM for an estimated date of completion of a determination on the FOIA Request, and in so doing, invoked 5 U.S.C. § 552(a)(7)(B)(ii).

45. BLM has failed to provide an estimated date of completion of its determination on the FOIA Request.

46. Based on the nature of Plaintiffs' organizational activities, Plaintiffs will undoubtedly continue to employ FOIA's provisions in information requests to BLM in the foreseeable future.

47. Plaintiffs' organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's requirement to provide an estimated date of completion of a determination as it has in this case.

48. Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, BLM will continue to violate Plaintiffs' rights to receive public records under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**BLM Violated the Determination Deadline Mandated by FOIA**

49. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

50. Plaintiffs have a statutory right to a final determination from BLM on the FOIA Request in a manner that complies with FOIA. BLM has violated Plaintiffs' rights in this regard by unlawfully delaying its response to the FOIA Request beyond the deadline that FOIA imposes. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

51. BLM is unlawfully withholding public disclosure of information that Plaintiffs sought, information to which Plaintiffs are entitled and for which no valid disclosure exemption applies.

52. Based on the nature of Plaintiffs' organizational activities, Plaintiffs will undoubtedly continue to employ FOIA's provisions in information requests to BLM in the foreseeable future.

53. Plaintiffs' organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's decision deadlines as it has in this case.

54. Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, BLM will continue to violate Plaintiffs' rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### BLM Constructively Denied the FOIA Request and Unlawfully Withheld Records Responsive to the FOIA Request

55. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

56. Plaintiffs have a statutory right to the records they seek, and there is no legal basis for BLM to withhold these records from Plaintiffs. BLM has not invoked any of FOIA's nine disclosure exemptions to excuse its delay. *See* 5 U.S.C. § 552(b)(1)–(9).

57. BLM constructively denied the FOIA Request and violated Plaintiffs' rights in this regard by failing to comply with FOIA's decision deadlines and by withholding records that are responsive to the FOIA Request.

58. Based on the nature of Plaintiffs' organizational activities, Plaintiffs will undoubtedly continue to employ FOIA's provisions in information requests to BLM in the foreseeable future.

59. Plaintiffs' organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's disclosure provisions as it has in this case.

60. Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, BLM will continue to violate Plaintiffs' rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the alternative to the First through Third Claims)**

**BLM's Violation of FOIA Constitutes Agency Action Unlawfully Withheld or Unreasonably Delayed**

61. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

62. BLM has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide Plaintiffs with records that are responsive to the FOIA Request, which are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination on the FOIA Request; and (3) provide Plaintiffs with an estimated date of completion of a determination on the FOIA Request, as alleged above. BLM's failure constitutes agency action unlawfully withheld and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

63. Alternatively, BLM has unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide to Plaintiffs all records that are responsive to the FOIA Request, which are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination on the FOIA Request; and (3) provide Plaintiffs with an estimated date of completion of a determination on the FOIA Request, as alleged above. BLM's failure constitutes agency action unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

64. As alleged above, BLM's failure to comply with the mandates of FOIA has injured Plaintiffs' interests in public oversight of governmental operations and violated its statutory duties under the APA.

65. Plaintiffs have suffered a legal wrong as a result of BLM's failure to comply with the mandates of FOIA. As alleged above, BLM has violated its statutory duties under the APA and injured Plaintiffs' interests in public oversight of governmental operations.

66. Plaintiffs have no other adequate remedy at law to redress the violations noted above.

67. Plaintiffs are entitled to judicial review under the APA, 5 U.S.C. § 702.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the alternative to the First through Fourth Claims)**

**BLM's Violation of FOIA Is Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

68. Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

69. BLM has constructively denied the FOIA Request, in violation of FOIA's statutory mandates, consequent to its failure and refusal to: (1) provide to Plaintiffs documents responsive to the FOIA Request that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of the FOIA Request; and (3) provide Plaintiffs with an estimated date of completion of a determination on the FOIA Request, as alleged above. BLM's failures are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

70. As alleged above, BLM's failure to comply with the mandates of FOIA has injured Plaintiffs' interests in public oversight of governmental operations and violated its statutory duties under the APA.

71. Plaintiffs have suffered a legal wrong as a result of BLM's failure to comply with the mandates of FOIA. As alleged above, BLM has violated its statutory duties under the APA and injured Plaintiffs' interests in public oversight of governmental operations.

72. Plaintiffs have no other adequate remedy at law to redress the violations noted above.

73. Plaintiffs are entitled to judicial review under the APA, 5 U.S.C. § 706.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

74. Order Defendant to promptly provide Plaintiffs with all of the records sought in this action.

75. Declare that Defendant's failure to provide Plaintiffs with an estimated date of completion of a determination on the FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(ii), or, in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

76. Declare that Defendant's failure to timely make a determination on the FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

77. Declare that Defendant's failure to disclose the requested records to Plaintiffs is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or, in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

78. Award Plaintiffs their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

79. Grant such other and further relief as the Court may deem just and proper.

DATED: November 17, 2015

Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret Townsend (OR Bar No. 144463)
*Pro hac vice admission pending*
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*/s/ Andrea L. Santarsiere*
Andrea L. Santarsiere (ISB # 8818)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 469
Victor, ID 83455
(303) 854-7748
asantarsiere@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Western Watersheds Project*